UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| ERIC C. CARTER | : | CASE NO. 07-40225-JBR |
| DEBTOR | : | |

### ORDER ON MOTION TO ALTER OR AMEND ORDER

This matter came before the Court for hearing on the Motion to Alter or Amend Order dated August 7, 2007 [docket #45] pursuant to which the Court ordered Attorney Julia Fullwood, among other things, the four specific paragraphs to which she seeks reconsideration. Specifically they are: (1)Paragraph F which required her to turn over her files in this case, in a sealed envelope to the Worcester Office of the United States Trustee for dissemination to successor counsel or the debtor, if requested, a process agreed to by Attorney Fullwood through her counsel at the July 31, 2007 hearing on the Order to Show Cause, (2) Paragraph D which required her to send the debtor a letter, in a form agreeable to the United States Trustee and approved by the Court, and a copy of the August 7, 2007 Order, providing the debtor with information about potential representation through the Worcester County Bar Association, again a communication agreed to by Attorney Fullwood through her counsel at the July 31, 2007 hearing, (3) Paragraph A which requires her to refrain from consulting with other attorneys with respect to those attorneys' clients who are parties before the Bankruptcy Court, and (4) Paragraph G which requires her to provide the United States Trustee with the names of all persons who paid her money for legal services from the period June 1, 2006 through July 23, 2007. Although Attorney Fullwood, through counsel had consented in substance to the August 7, 2007 Order, and indeed had the opportunity to review the

proposed order submitted by the United States Trustee, many of the foregoing provisions to which she now objects have been satisfied and/or otherwise dealt with in the August 23, 2007 order of the Massachusetts Supreme Judicial Court in *In re Julia Ann Fullwood*, BD-2007-069, a copy of which is attached hereto (the "SJC Order").

After reviewing the Motion to Alter or Amend, the opposition of the United States Trustee, and all relevant documents, including the SJC Order, it is hereby ORDERED that the August 7, 2007 Order [docket #40] is amended as follows:

1. Counsel for Attorney Fullwood represented that files have been made available through him or the Hampden County Bar Association. Moreover paragraph 2(e) of the SJC Order requires Attorney Fullwood to make her files available and therefore Paragraph F is stricken and is replaced with paragraph 2(e) of the SJC Order, incorporated herein by reference.

2. Counsel for Attorney Fullwood represented that letters, incorporating language and suggestions made by the United States Trustee have been sent to Attorney Fullwood's clients who have cases pending in the United States Bankruptcy Court for the District of Massachusetts. Moreover paragraph 2(c) of the SJC Order requires Attorney Fullwood to provide notice to her clients and therefore Paragraph D is stricken and is replaced by paragraph 2(c) of the SJC Order, incorporated herein by reference.

3. Because Attorney Fullwood has agreed to cease and refrain from representing clients before the United States Bankruptcy Court for the District of Massachusetts (and subsequently to the entry of the August 7, 2007 Order was placed on disability inactive status by the SJC Order and thus is ineligible to practice law) but

2

has agreed to cooperate in the transition of her cases to successor counsel, Paragraph A of the August 7, 2007 order is clarified to mean that she is not prohibited from communicating with successor counsel for the purpose of transitioning her cases. The Court rejects her argument that only advising clients constitutes the practice of law and reiterates its previous order that she is not to advise or consult with other attorneys regarding the handling of legal matters.

4. With respect to paragraph G of the August 7, 2007 Order, Attorney Fullwood has been ordered by paragraph 2(f) of the SJC Order to "refund any part of any fees paid in advance that have not been earned...." Moreover, this Court has entered an order requiring Attorney Fullwood to file fee applications in all of the pending Chapter 13 cases in which she represented the debtor. Because of the concern that there may be individuals who are not debtors in cases before the Court but believe that Attorney Fullwood is their attorney, Attorney Fullwood is to compile a list of all persons who, whether or not they paid money to Attorney Fullwood, consulted with Attorney Fullwood with the expectation that Attorney Fullwood would represent them, including filing bankruptcy petitions on their behalf but on whose behalf no petition was ever filed. Upon compilation of the list, Attorney Fullwood's counsel has agreed to send those individuals letters similar to the letters already sent to Attorney Fullwood's known clients. Upon completion of the mailing of those letters, counsel for Attorney Fullwood shall file an affidavit attesting to the mailing of the letters to any such identified individuals.

5. The August 7, 2007 Order remains unchanged in all other respects.

Dated: August 31, 2007

*[signature]*
Joel B. Rosenthal
United States Bankruptcy Judge

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                SUPREME JUDICIAL COURT
                                            FOR SUFFOLK COUNTY
                                            NO: BD-2007-069

IN RE: JULIA ANN FULLWOOD

## ORDER OF DISABILITY INACTIVE STATUS

This matter came before the Court, Cordy, J., on a Petition for Disability Inactive Status pursuant to Supreme Judicial Court Rule 4:01, s. 13,(2), filed by Bar Counsel on August 2, 2007. The parties having waived hearing and assented to an order of disability inactive status, it is ORDERED that:

1. JULIA ANN FULLWOOD shall be placed on disability inactive status from the practice of law in the Commonwealth until further order of this Court pursuant to Supreme Judicial Court Rule 4:01, s. 13,(2) effective immediately upon the entry of this Order.

It is FURTHER ORDERED that:

2. Within fourteen (14) days of the date of entry of this Order, the lawyer shall:

    a) file a notice of withdrawal as of the effective date of the disability inactive status with every court, agency, or tribunal before which a matter is pending, together with a copy of the notices sent pursuant to paragraphs 2(c) and 2(d) of this Order, the client's or clients' place of residence,

and the case caption and docket number of the client's or clients' proceedings;

    b) resign as of the effective date of the disability inactive status all appointments as guardian, executor, administrator, trustee, attorney-in-fact, or other fiduciary, attaching to the resignation a copy of the notices sent to the wards, heirs, or beneficiaries pursuant to paragraphs 2(c) and 2(d) of this Order, the place of residence of the wards, heirs, or beneficiaries, and the case caption and docket number of the proceedings, if any;

    c) provide notice to all clients and to all wards, heirs, and beneficiaries that the lawyer has been placed on disability inactive status; that she is disqualified from acting as a lawyer after the effective date of the disability inactive status; and that, if not represented by co-counsel, the client, ward, heir, or beneficiary should act promptly to substitute another lawyer or fiduciary or to seek legal advice elsewhere, calling attention to any urgency arising from the circumstances of the case;

    d) provide notice to counsel for all parties (or, in the absence of counsel, the parties) in pending matters that the lawyer has been placed on disability inactive status and, as a consequence, is disqualified from acting as a lawyer after the effective date of the disability inactive status;

    e) make available to all clients being represented in pending matters any papers or other property to which they

3

are entitled, calling attention to any urgency for obtaining the papers or other property;

f) refund any part of any fees paid in advance that have not been earned; and

g) close every IOLTA, client, trust or other fiduciary account and properly disburse or otherwise transfer all client and fiduciary funds in her possession, custody or control. All notices required by this paragraph shall be served by certified mail, return receipt requested, in a form approved by the Board.

3. Within twenty-one (21) days after the date of entry of this Order, the lawyer shall file with the Office of the Bar Counsel an affidavit certifying that the lawyer has fully complied with the provisions of this Order and with bar disciplinary rules. Appended to the affidavit of compliance shall be:

a) a copy of each form of notice, the names and addresses of the clients, wards, heirs, beneficiaries, attorneys, courts and agencies to which notices were sent, and all return receipts or returned mail received up to the date of the affidavit. Supplemental affidavits shall be filed covering subsequent return receipts and returned mail. Such names and addresses of clients shall remain confidential unless otherwise requested in writing by the lawyer or ordered by the court;

b) a schedule showing the location, title and account

4

number of every bank account designated as an IOLTA, client, trust or other fiduciary account and of every account in which the lawyer holds or held as of the entry date of this Order any client, trust or fiduciary funds;

c) a schedule describing the lawyer's disposition of all client and fiduciary funds in the lawyer's possession, custody or control as of the entry date of this Order or thereafter;

d) such proof of the proper distribution of such funds and the closing of such accounts as has been requested by the bar counsel, including copies of checks and other instruments;

e) a list of all other state, federal and administrative jurisdictions to which the lawyer is admitted to practice; and

f) the residence or other street address where communications to the lawyer may thereafter be directed.

The lawyer shall retain copies of all notices sent and shall maintain complete records of the steps taken to comply with the notice requirements of Supreme Judicial Court Rule 4:01, s. 17.

4. Within twenty-one (21) days after the entry date of this Order, the lawyer shall file with the Clerk of the Supreme Judicial Court for Suffolk County:

a) a copy of the affidavit of compliance required by paragraph 3 of this Order;

b) a list of all other state, federal and

5

administrative jurisdictions to which the lawyer is admitted to practice; and

    c) the residence or other street address where communications to the lawyer may thereafter be directed.

                      By the Court (Cordy, J.),

                      *[signature]*
                      Assistant Clerk

Entered: August 23, 2007